*Cloud* and *O'Connor*, for appellee.

— ···· ⊙⊙⊙ ·· —— —

## BELL *v.* HALL.

B. claimed title under a mortgage, dated April, 1841, and duly recorded; decree of foreclosure in May, 1842; sale in October following, and sheriff's deed executed and filed for record October 27, 1843. H. claimed title under a judgment obtained October 7th, 1843, sheriff's deed to R. and J. executed and recorded in March, 1844, and in July, 1846, deed from R. and J. to H.: held that the delay in executing the sheriff's deed to B. could not prejudice his title, and that the deed to B. related back to the sale, decree and mortgage, and secured to him the title over H.

### Appeal from Lee District Court.

*Opinion by* KINNEY, J.   Petition by Bell against Hall, claiming possession and ownership of lot three hundred and forty-two in the town of Fort Madison, and also damages for the detention thereof. Plea denying the right of plaintiff to the lot. Trial had; verdict and judgment for defendant. A bill of exceptions was taken by the plaintiff, embodying all the evidence offered by the plaintiff and defendant.

By this evidence it seems that both parties claim title to the lot under one Braxton W Gillock; the plaintiff, by virtue of a mortgage deed, executed to him by Gillock on the 7th day of April, 1841, containing covenants of warranty and possession in Bell. Recorded May 8th, 1841. May 25th,

1842, a decree of foreclosure in the district court of Lee county, under which there was a sale, October 1st, 1842. October 27th, 1843, a deed was executed by the sheriff to Bell, who was the purchaser under the sale, which was recorded same day. This is the evidence relied upon by plaintiff to establish the title in him. The defendant claims title to the lot by virtue of a judgment and mechanics' lien, obtained by Wilson & Irvin against Gillock, October 7th, 1843. Execution issued, October 20th, 1843 ; levy, Octo· ber 24th, 1843 ; the same lot sold to Reid and Johnson, November 25th, 1843 ; deed executed by sheriff to them, acknowledged and recorded, March 4th, 1844 ; deed from R. and J. to Hall, the defendant, March 12th, 1846, and recorded July 7th, 1846.

It will be seen that the judgment and mechanics' lien, under which Hall claims title, was obtained long subsequent to the mortgage, decree, and sale of the lot to Bell, but before Bell got the deed from the sheriff, and put it upon record ; and the question is, as his deed was not upon record at the time of the judgment and the mechanics' lien, will the sale upon the latter hold the lot? We think not. The question in this case is not whether a purchaser at a sheriff's sale will hold the property in preference to a prior purchaser, with an unrecorded deed ; but, will the purchaser under a subsequent judgment—after a deed has been executed and recorded upon a prior sale—hold the property against such prior purchaser, with an unrecorded deed at the time the second judgment is rendered? Clearly not ; especially when taken in connection with all the facts in this case. Bell's mortgage deed was upon record. The conditions became forfeited. He instituted his suit in chancery to foreclose Gillock's equity of redemption. This mortgage, when recorded, was notice to the world. The proceedings in chancery, sale, sheriff's return of the execution, satisfied by sale of the lot to Bell, were all notice *to creditors.* By the law, as it then existed, the clerk of the district court was required to provide and keep a well

bound book in his office, in which he was obliged to enter in alphabetical order all judgments and decrees rendered in the court, the names of the parties, the date, the nature of the judgments and decrees, the amount of the debt, damages and costs, with a blank column or columns for entering a note or memorandum of the satisfaction or other disposition thereof; and when any judgment or decree was satisfied by execution or otherwise, the clerk was required to enter a memorandum there(f in the column left for that purpose, showing how disposed of, and the date, book and page where the evidence thereof was recorded ; and such docket, the statute provided, might be searched by any person, at all reasonable times, without fee. Laws of 1839, p. 376, § 28. Here, then, could Wilson and Irvin look, at the time they obtained their judgment, to ascertain what had been done upon the decree of foreclosure. They found in the recorder's office that the lot was mortgaged to Bell ; they found in the clerk's office that that mortgage had been foreclosed by a decree ; and one step further would have disclosed the *record evidence* which the clerk was compelled to keep of the satisfaction of that decree by the sale of the identical lot to Bell. And all this was matter of public record before their judgment was obtained. Then they are not innocent judgment creditors without notice. *Lis pendens*, in a court of chancery, has always been held to be notice. 1 John. Ch. R. 576 ; *Jackson* v. *Dickinson*, 15 John. 315.

Reid and Johnson are not innocent purchasers without notice, for the deed was executed to Bell and recorded before the sale of the lot to them, and hence they could not take anything by that sale. Bell could not be injured by the sheriff's neglect in this case.

In the case of *Jackson* v. *Raymond*, 1 John. Cases, 85, it is stated as a general principle, that whenever it is intended to be shown that nothing passed by a grant, by reason that at the time there was a possession in another adverse to the grantor, the time to which the grant is to

Bell *v.* Hall.

relate, is the time when the bargain or contract for the sale and purchase of the land was finally concluded between the grantor and grantee; and consequently any intermediate adverse possession before the execution of the conveyance, which is the technical consummation of evidence of grant, can never affect it. The above is quoted by the court in the case of *Jackson* v. *Dickinson*, 15 John., 315, and the court say : "If this principle is correct, it applies with equal or greater force to the commencement of a suit in chancery between the time of a sheriff's sale, when the purchase is actually made, and the giving of the deed by him.. In such case, the delay in not delivering the deed is an omission of duty in the public officer, and *his laches ought not to prejudice the rights of the party.*" We adopt the principle here laid down as entirely applicable to the case before us. Wilson and Irvin had notice by the pendency of the proceeding to foreclose ; the record evidence in the clerk's office of the sale of the lot to Bell was notice of the sale to him. But if this was not so, according to the authority in *Jackson* v. *Raymond*, and *Jackson* v. *Dickinson*, Bell would still hold the lot under the doctrine of relation, as the sheriff's deed, when executed, would relate back to the day of sale and cut off all intermediate judgment creditors. The court erred in deciding the law of the case in favor of the defendant below. Judgment reversed, and a judgment in favor of the plaintiff in this court, in pursuance of the agreement of the parties in the court below. Nothing is claimed by the defendant upon argument because this judgment was on mechanic's lien. It is not pretended that such lien was established.

*J. C. Hall*, for appellant.

*H. T. Reid* and *L. R. Reeves*, for appellee.